UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DR. GERALD R. FINKEL, as Chairman of the Joint Industry Board of the Electrical Industry,

         Petitioner,

-against-

MILLENNIUM FIRE SERVICES, LLC,

         Respondent.

**MEMORANDUM AND ORDER**

Case No. 23-CV-4397 (FB) (RML)

*Appearances*:
*For the Plaintiff*:
ADRIANNA R. GRANCIO
Virginia & Ambinder, LLP
40 Broad Street 7th Floor
New York, New York 10004

**BLOCK, Senior District Judge:**

  Petitioner Gerald R. Finkel ("Petitioner") asks this Court to confirm an arbitrator's May 16, 2023 award (the "Award") obtained against Respondent Millennium Fire Services, LLC ("Millennium"). The Court grants Petitioner's unopposed petition.

  Confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation

1

omitted). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed" so long as there exists "a barely colorable justification for the outcome reached" by the arbitrator. *Id*. If a petition to confirm is unanswered, as here, the Second Circuit advises district courts to treat the unanswered petition "as an unopposed motion for summary judgment." *Id*. As such, the Court may not confirm the Award "without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial" and that they are entitled to judgment as a matter of law. *Id*.

Petitioner has met his burden and the arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *Id*. Prior to issuing the Award, the arbitrator held a hearing and determined that Millennium was bound to a Collective Bargaining Agreement ("CBA"). Where an arbitrator's award "draws its essence from [a] collective bargaining agreement," *Saint Mary Home, Inc. v. Service Emp. Int'l Union*, 116 F.3d 41, 44 (2d Cir. 1997) (cleaned up), the court must affirm the award so long as the arbitrator's decision is "plausibly grounded in the parties' agreement," *Wackenhut Corp. v. Amalgamated Local 515*, 126 F.3d 29, 32 (2d Cir. 1997). The Award here draws its essence from the CBA, which governed Millennium's relationship with Local Union #3 of the International Brotherhood of Electrical Workers (the "Union"). Specifically, the

CBA binds the Union to policies regarding collection, arbitration, and audits in connection with fringe benefit funds. The arbitration procedures contained in the CBA granted the arbitrator jurisdiction over disputes between these funds and employers with respect to the "[e]mployer's obligation to contribute to the Funds, including but not limited to Audits, Delinquencies, interest, liquidated damages, and attorneys' fees and costs." Petition ¶ 32.

After the Union failed to provide required documents for a payroll audit, a dispute arose that was submitted to arbitration as provided for by the CBA. The arbitrator ordered that Millennium, pursuant to the CBA's collection policy and arbitration procedures, turn over books and records necessary for the audit and to pay $2,250 for Petitioner's attorneys' fees and costs related to the arbitration. This award took its essence from the CBA and has not been vacated, modified, or corrected. It is therefore confirmed.

Petitioner also requests attorney's fees and costs incurred in filing the instant petition. Under the terms of the CBA, the award, and routine practice by courts, Petitioner is entitled to attorneys' fees and costs expended to gain audit compliance by Millennium. *See Trustees of the Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Cooperation Funds v. Drywall & Acoustics of Ne., Inc.*, No. 19-CV-4600 (NG) (RML), 2019 WL 5963689, at *3 (E.D.N.Y. Nov. 12, 2019) ("when a challenger refuses to abide by an arbitrator's decision without

Case 1:23-cv-04397-FB-RML   Document 13   Filed 07/20/23   Page 4 of 6 PageID #: 193

justification, attorney's fees and costs may properly be awarded.") (citing *Int'l Chem. Workers Union v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A reasonable hourly rate is "the rate a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 193 (2d Cir. 2007). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

Petitioners were represented by the law firm of Virginia & Ambinder, LLP ("V&A"). A total of 2 hours of work was completed by one V&A partner, Adrianna R. Grancio ("Grancio"), a 2016 graduate of St. John's University School of Law who billed at $410 per hour. The number of hours expended is reasonable. *See, e.g., Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Land Cruising Properties Inc.*, No. 21 CIV. 7877 (KPF), 2022 WL 1125623, at *6 (S.D.N.Y. Apr. 15, 2022) (approving 3.3 hours).

4

However, the Court finds that Grancio's rate is above the range of fees ordinarily awarded for similar services in other cases. Over the past three years, when Grancio was an associate, she has usually been awarded a rate of between $225 and $250 per hour. *See Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. CEI Contractors Inc.*, No. 21 CIV. 7870 (JPC), 2022 WL 3225680, at *5 (S.D.N.Y. Aug. 10, 2022) (collecting cases from 2020-2022, adjusting Grancio's rate to $250 per hour). Partners are awarded higher rates than associates. *See Ret. Fund of Loc. 1482 Paint & Allied Prod. Manufacturers v. N. Adhesives, Inc.*, No. 19CV05609MKBRER, 2020 WL 6370060, at *4 (E.D.N.Y. May 27, 2020) ("This Court has found reasonable rates for the Eastern District ranging from $300 to $450 per hour for partners"). Accordingly, to account for Grancio's current position as partner, her additional experience, and inflation, the Court reduces Grancio's hourly rate to $375 in this case.

In sum, Petitioner's request for attorneys' fees is granted at the reduced rate of $375 per hour. Based on the submitted time records, this rate yields a total award of $750 in attorneys' fees. Finally, the Court finds Petitioners' request for $477 in costs, arising from service, research, and filing fees to be reasonable.

## CONCLUSION

For the foregoing reasons, the petition is granted. The arbitration award is confirmed in all respects; Millennium is ordered to provide Petitioner with all records necessary to perform the audit within 30 days of the date a judgment is entered pursuant to this Order; Millennium is ordered to pay $2,250 to Petitioner pursuant to the Award and $1,227 in fees and costs.

**SO ORDERED.**

                                                                   /S/ Frederic Block
                                                                   FREDERIC BLOCK
                                                                   Senior United States District Judge

Brooklyn, New York
July 20, 2023